**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN THE MATTER OF:** **CHAPTER 13:**

**CARLOS RAY BUCK** **CASE NO. 26-02845-JAW**

**CERTIFICATE OF SERVICE**

I, Torri Parker Martin, do hereby certify that I have this day submitted a true and correct copy of the **NOTICE OF CHAPTER 13 BANKRUPTCY CASE** (Dkt. #9) to the following, by first-class U.S. Mail:

**CREDITORS:**

AAFES
Attn: Bankruptcy
P.O. Box 650060
Dallas, TX 75265

BMW Financial Services
Po Box 3608
Dublin, OH 43016

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Capital One
P.O. Box 1330
Charlotte, NC 28201

Carrington Mortgage
Attn: Bankruptcy
1600 South Douglass Rd
Ste 110
Anaheim, CA 92806

CFNA
Attn: Bankruptcy
Po Box 81315
Cleveland, OH 44181

Chase Card Services
Attn: Bankruptcy
Po Box 15299
Wilmington, DE 19850

Citi Card
Po Box 790040
St Louis, MO 36179

Citibank
Po Box 790040
St. Louis, MO 63179

Comenity Capital
Po Box 182120
Columbus, OH 43218

Credit Collection
Attn: Bankruptcy
725 Canton St
Norwood, MA 02062

Denenka Turner
1142 Northside Dr
Port Gibson, MS 39150

Goldman Sachs Bank USA
Attn: Bankruptcy
Po Box 70379
Philadelphia, PA 19176

Harley Davidson
Attn: Bankruptcy
Po Box 22048
Carson City, NV 89721

MSDHS
Attn: Constance Morrow
PO Box 352
Jackson, MS 39205

NAVY FCU
Attn: Bankruptcy
P.O. Box 3000
Merrifield, VA 22119

Republic Finance
Attn: Bankruptcy Dept
7031 Commerce Cir
Baton Rough, LA 70809

Springleaf Fin
Po Box 1010
Evansville, IN 47706

WF Bank
Attn: Bankruptcy
P.O.Box 51193
Los Angeles, CA 90051

Synchrony
Attn: Bankruptcy
Po Box 965064
Orlando, FL 32896

Synchrony Bank
Attn: Bankruptcy Dept
P.O. Box 965065
Orlando, FL 32896

Synchrony Bank
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Tower Loan
Attn: Bankruptcy
Po Box 320001
Flowood, MS 39232

USAA Federal
Attn: Bankruptcy
9800 Fredericksburg Rd
San Antonio, TX 78288

**DEBTOR:**
Carlos R. Buck
132 Grandview DR
Byram, MS 39272

DATED: October 26, 2026

/s/*Torri Parker Martin*
Standing Chapter 13 Bankruptcy Trustee

# Notice of Chapter 13 Bankruptcy Case

## United States Bankruptcy Court Southern District of Mississippi

***Information to identify the case:***

| | | | |
|---|---|---|---|
| Debtor 1 | **Carlos Ray Buck** | Social Security number or ITIN | **xxx−xx−1005** |
| | First Name Middle Name Last Name | EIN | _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name Middle Name Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court for the Southern District of Mississippi | | | |
| Case number: **26−02845−JAW** | | Date case filed for chapter **13** | **10/20/26** |

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Cell Phones and other electronic devices are generally not allowed in the courthouses of this District. For more information visit www.mssb.uscourts.gov

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|
| **1. Debtor's full name** | Carlos Ray Buck | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 132 Grandview Dr<br>Byram, MS 39272 | |
| **4. Debtor's attorney**<br>Name and address | Thomas Carl Rollins Jr<br>The Rollins Law Firm, PLLC<br>PO BOX 13767<br>Jackson, MS 39236 | Contact phone 601−500−5533<br>Email trollins@therollinsfirm.com |
| **5. Bankruptcy trustee**<br>Name and address | Torri Parker Martin<br>Torri Parker Martin, Chapter 13 Bankruptcy Trustee<br>200 North Congress Street, Ste. 400<br>Jackson, MS 39201 | Contact phone 601−981−9100<br>Email tpm@tpmartinch13.com |
| **6. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.uscourts.gov. | Thad Cochran U.S. Courthouse<br>501 E. Court Street<br>Suite 2.300<br>Jackson, MS 39201 | **Office Hours:**<br>**Monday − Friday 8:00 AM − 5:00 PM**<br>**Contact phone 601−608−4600**<br><br>**Date: 10/22/26** |

**For more information, see page 2**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **November 24, 2026** at **11:30 AM**<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Trustee: Torri Parker Martin Zoom video meeting. Go to zoom.us/join, enter Meeting ID 516 075 6737 and Passcode 9159892515 , OR call 769−210−3874.**<br><br>**For additional meeting information go to www.justice.gov/ust/moc** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 1/25/27** |
| | **Deadline for all creditors to file a proof of claim:**<br>(except governmental units) | **Filing deadline: 12/29/26** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 4/19/27** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | Miss. Bankr. L.R. 3015−1(d) requires the debtor to serve a copy of the plan and related notice on the Trustee, the US Trustee, and all creditors. The plan may contain a motion for valuation of security and/or a motion to avoid lien. Any objection to the plan or to any motion contained therein shall be in writing and filed with the Clerk of Court on or before **January 18, 2027**. Objections will be heard on **January 25, 2027** at **10:00 AM** in the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, MS 39201, unless otherwise ordered by the court. If no objection is timely filed, the plan may be confirmed without a hearing. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. | |